IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ALLAN ROBERTS et al.,** | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| v. | ) Case No. 1:20cv1227 (RCL) |
| | ) |
| **ISLAMIC REPUBLIC OF IRAN** | ) |
| | ) |
| **Defendant.** | ) |

## MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO CORRECT

Plaintiff, Sitorai Khasanzod ("Ms. Khasanzod"), comes before this Court seeking to correct the entry of a prior Order that was based, in part, upon a mistakenly submitted incorrect statement of fact, and in support thereof state as follows:

### I. PROCEDURAL HISTORY

Plaintiffs filed their Complaint in this matter on May 11, 2020. ECF No. 1. A summons was issued against Iran the following day. ECF No. 3. Plaintiffs initiated service by mail under 28 U.S.C. § 1608(a)(3) on June 8, 2020, ECF No. 6, which was processed by the Clerk's Office on June 9, 2020, ECF No. 7. After waiting the requisite thirty days, Plaintiff initiated diplomatic service pursuant to 28 U.S.C. § 1608(a)(4). ECF No. 8. Iran was formally served in this manner on November 4, 2020. ECF No. 13. Plaintiffs requested entry of default on January 12, 2021, ECF No. 14, and the Clerk entered it the next day. ECF No. 15.

Plaintiffs moved for default judgment on April 2, 2021. ECF No. 16. In support thereof, Plaintiff Ghaffar Mughal submitted an affidavit indicating that all his family members were American citizens. ECF No. 17-7 at ¶ 3. On January 24, 2022, the Court entered an Order finding liability against Iran as to Ms. Khasanzod, among others. ECF No. 25. The Court's reasoning

explicitly relied upon the representation that Ms. Khasanzod was an American citizen. *See* ECF No. 24 at 3–4. At the same time, the Court also denied, without prejudice, the claims of the non-citizen family members. *Id.* at 36.

Following the Court's Order, the granted liability claims were referred to a special master for the purpose of receiving evidence of their damages. ECF No. 27. Plaintiffs completed the submission of this evidence on November 1, 2022. ECF No. 38. On November 22, 2022, Plaintiffs filed a renewed Motion for Default Judgment on behalf of the non-citizen family members. ECF No. 35.

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 60(a) allows a district court to correct "a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." Fed. R. Civ. P. 60(a). This rule may not be used to "change the substance or order of a judgment." *Fanning v. George Jones Excavating, L.L.C.*, 312 F.R.D. 238, 239 (D.D.C. 2015). Instead, it should be relied upon when "the record indicates that the court intended to do one thing, but by virtue of a clerical mistake or oversight, did another." *Id.* (quoting 12 Moore's Federal Practice § 60.11(1)(a) (3d. ed. 2015)).

## III.    ARGUMENT

In its ruling of January 25, 2022, the Court unequivocally intended to grant liability in favor of the victim plaintiffs and the American citizen family member plaintiffs, while also denying, without prejudice, the claims of non-citizen family members. *See* ECF No. 24 at 36. The substance and the reasoning of this ruling is not challenged here.

Consistent with this reasoning, the Court found in favor of Ms. Khasanzod as to liability based on her husband's written representation that his entire family were United States citizens. *See* ECF No. 17-7 at 1. However, through recent conversations with Ms. Khasanzod and Mr.

Mughal, Plaintiffs' counsel has determined that this representation was made in error. In fact, Ms. Khasanzod is a permanent legal resident of the United States, not a naturalized citizen. Plaintiffs' counsel and Mr. Mughal regret that this oversight was made during the preparation, review, and signing of his affidavit and wish to express their apologies to the Court for the resulting error.

A permanent legal resident is not "a national of the United States" for the purposes of stating a claim pursuant to Section 1605A(c). *Mohammadi v. Islamic Republic of Iran*, 782 F.3d 9, 15 (D.C. Cir. 2015). Therefore, based on the Court's reasoning expressed in its January 25, 2022 ruling, Ms. Khasanzod's claim should have been denied, without prejudice, at that time. With the discovery of this oversight on the part of Mr. Mughal and Plaintiffs' counsel, it is appropriate for the Court to correct its prior ruling and vacate its finding of liability as to Ms. Khasanzod.

If the Court vacates the finding of liability as to Ms. Khasanzod, Plaintiffs request that Ms. Khasanzod's claim then be considered alongside those of the other non-citizen family members whose claims are currently pending before the Court. *See* ECF No. 35.[1] If not, Plaintiffs will proceed with filing a separate renewed Motion on behalf of Ms. Khasanzod.

## IV. CONCLUSION

WHEREFORE, Plaintiffs request that the Court issue an Order to Correct its prior ruling and to VACATE the prior finding of liability in favor of Ms. Khasanzod, but to further incorporate her claim with those of the other non-citizen family member claims now pending.

---

[1] If so considered, her claim would not require additional briefing or support beyond what is already submitted. As a domicile of the United States, the Court could reasonably apply D.C. law to resolve her claim, a legal framework that is already fully briefed in the pending Motion. *See* ECF No. 35-1 at 5–7.

Dated: February 3, 2023        Respectfully submitted,

                                        /s/ Kevin A. Hoffman
Kevin A. Hoffman (DC Bar No. 1044559)
Randy D. Singer (DCD Bar No. VA0157)
SINGER DAVIS, LLC
1209A Laskin Road
Virginia Beach, VA 23451
Phone: (757) 301-9995
Fax: (757) 233-1084
Email: kevin.hoffman@singerdavis.law
Email: randy.singer@singerdavis.law
*Counsel for Plaintiffs*