UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**ALLAN ROBERTS,** *et al.,*

    *Plaintiffs,*

v.

    **Case No. 1:20-cv-1227-RCL**

**ISLAMIC REPUBLIC OF IRAN,**

    *Defendant.*

## ORDER

Before the Court is plaintiffs' Motion [39] to Amend the Finding of Liability [25].  The Court held Iran liable to Ms. Sitorai Khasanzod as to Count V in the Complaint, advanced under 28 U.S.C. § 1605A(c), based on the representation that Ms. Khasanzod was a U.S. citizen.  Finding of Liability at 1.  Plaintiffs have since learned that Ms. Khasanzod is not a U.S. citizen, and accordingly ask that this Court vacate its earlier liability determination and evaluate her claim as to Count XIV, intentional infliction of emotional distress, along with the claims of other non-U.S. citizens that are still pending before the Court.  *See* Pls.' Mot. at 1; Mem. in Supp. of Pls.' Mot., ECF No. 39-2.  Plaintiffs indicate that Ms. Khasanzod is a domiciliary of the *country* of the United States, Pls.' Mot. at 3 n.1, but plaintiffs do not provide any information about the U.S. *state* in which Ms. Khasanzod is domiciled.  *See Roberts v. Islamic Republic of Iran*, 581 F. Supp. 3d 152, 175 (D.D.C. 2022) ("Whether the United States, as a nation, wishes to apply its law (or the law of its concomitant states) in a dispute is inapposite.  Governmental interest analysis instead asks whether the policies underlying a *particular* law of a *particular* jurisdiction would be furthered by applying the law to the case at bar.") (emphases in original) (internal citation omitted)).

1

2

Therefore, the Court **ORDERS** plaintiffs to submit by June 19, 2023 either: (1) a supplement to their motion to amend explaining Ms. Khasanzod's domicile or (2) a separate renewed motion for default judgment on her behalf.

**IT IS SO ORDERED.**

SIGNED this _____ day of May, 2023.

_____
Royce C. Lamberth
United States District Judge