**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **ALLAN ROBERTS et al.,** | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| **v.** | )   **Case No. 1:20cv1227 (RCL)** |
| | ) |
| **ISLAMIC REPUBLIC OF IRAN** | ) |
| | ) |
| **Defendant.** | ) |

## SUPPLEMENTAL MEMORANDUM REGARDING
## DOMICILE OF PLAINTIFF SITORAI KHASANZOD

COMES NOW Plaintiff, SITORAI KHASANZOD, by counsel, and provides the

following Supplemental Memorandum in response to the Order of May 30, 2023 requiring

Plaintiff to "submit by June 19, 2023 either: (1) a supplement to their motion to amend

explaining Ms. Khasanzod's domicile or (2) a separate renewed motion for default judgment on

her behalf." ECF No. 45.

Ms. Khasanzod, as a foreign citizen family member plaintiff, comes before this Court

seeking a finding of liability against the Islamic Republic of Iran ("Iran") and referral of her

damages claims to a special master.  In support thereof, Plaintiff presents this Supplemental

Memorandum explaining her ability to recover for a claim of intentional infliction of emotional

distress under Maryland law, should the Court choose to apply the law of her domicile.

**I.      PROCEDURAL HISTORY**

Plaintiffs filed their Complaint in this matter on May 11, 2020. ECF No. 1. A summons

was issued against Iran the following day. ECF No. 3. Plaintiffs initiated service by mail under

28 U.S.C. § 1608(a)(3) on June 8, 2020, ECF No. 6, which was processed by the Clerk's Office

on June 9, 2020, ECF No. 7. After waiting the requisite thirty days, Plaintiff initiated diplomatic

service pursuant to 28 U.S.C. § 1608(a)(4). ECF No. 8. Iran was formally served in this manner on November 4, 2020. ECF No. 13. Plaintiffs requested entry of default on January 12, 2021, ECF No. 14, and the Clerk entered it the next day. ECF No. 15.

Plaintiffs moved for default judgment on April 2, 2021. ECF No. 16. In support thereof, Plaintiff Ghaffar Mughal submitted an affidavit indicating that all his family members were American citizens. ECF No. 17-7 at ¶ 3. On January 24, 2022, the Court entered an Order finding liability against Iran as to Ms. Khasanzod, among others. ECF No. 25. The Court's reasoning explicitly relied upon the representation that Ms. Khasanzod was an American citizen. *See* ECF No. 24 at 3–4. At the same time, the Court also denied, without prejudice, the claims of the non-citizen family members. *Id.* at 36.

Following the Court's Order, the granted liability claims were referred to a special master for the purpose of receiving evidence of their damages. ECF No. 27. Plaintiffs completed the submission of this evidence on November 1, 2022, ECF No. 38, and are awaiting the report of the special master. On November 22, 2022, Plaintiffs filed a renewed Motion for Default Judgment on behalf of the non-citizen family members. ECF No. 35. On February 3, 2023, Plaintiffs filed a Motion to Correct regarding Ms. Khasanzod's citizenship and requested that her claim be incorporated with those of the other non-citizen family member claims currently pending due to a misunderstanding as to the affidavit submitted by Mr. Mughal. ECF No. 39. In response, the Court requested further information explaining Ms. Khasanzod's domicile. ECF No. 45.

## II.  MARYLAND LAW PROVIDES A CAUSE OF ACTION FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

Like D.C. law, a claim for intentional infliction of emotional distress ("IIED") under Maryland law closely follows the Restatement. *Compare, e.g., Batson v. Shiflett*, 602 A.2d 1191,

1217 (1992) (confirming adoption of the elements of the tort of intentional infliction of emotional distress set forth in Restatement (Second) of Torts § 46 (1965)) (citing *Harris v. Jones*, 380 A.2d 611 (1977)), *with Fain v. Islamic Republic of Iran,* 856 F. Supp. 2d 109, 123 (D.D.C. 2012) (stating that D.C. Courts have relied "principally on the Restatement" in addressing the tort intentional infliction of emotional distress "following enactment of § 1605A."). Accordingly, an IIED claim in Maryland consists of four elements:

> (1) The conduct must be intentional or reckless; (2) [t]he conduct must be extreme and outrageous; (3) [t]here must be a causal connection between the wrongful conduct and the emotional distress; (4) [t]he emotional distress must be severe. Essentially, these are the elements of the tort set forth in § 46 of the Restatement . . . .

*Harris*, 380 A.2d at 614.

A defendant's conduct is considered "intentional" when he "desires to inflict severe emotional distress, and also where he knows that such distress is certain, or substantially certain, to result from his conduct; or where the defendant acts recklessly in deliberate disregard of a high degree of probability that the emotional distress will follow." *Harris*, 380 A.2d at 614. Second, in determining whether conduct was extreme and outrageous, the defendant's conduct must go "beyond all possible bounds of decency, and [is] regarded as atrocious, and utterly intolerable in a civilized community." *Continental Casualty Co. v. Mirabile*, 449 A.2d 1176 (1982) (quoting *Restatement (Second) of Torts* § 46, *19 comment d (1965)).

Third, a causal connection between the wrongful conduct and the emotional distress must be alleged. *Harris*, 380 A.2d 611, 614. Finally, Plaintiff must show severe emotional distress, defined as "a severely disabling emotional response to the defendant's conduct." *See Gandy v. Howard Cnty. Bd. of Educ.*, No. CV GLR-20-3436, 2021 WL 3911892, at *9 (D. Md. Sept. 1, 2021) (citing *Harris*, 380 A.2d at 616).

### III.   IF APPLIED, MARYLAND LAW PROVIDES A REMEDY FOR MS. KHASANZOD

In the same manner as presented for D.C. law in Plaintiffs' Renewed Motion for Default Judgment, see ECF No. 35-1 at 5–7, all four requirements under the Restatement and Maryland law are met in this instance: (1) Iran's material support to the proxy militias constitutes an intentional act; (2) Iran's conduct was extreme and outrageous; (3) there is a causal connection between Iran's support and the EFP Attack leading to Ms. Khasanzod's emotional distress, *see* ECF No. 24 at 12 ("The Court finds Iran responsible for the EFP attacks in this case"); and (4) Ms. Khasanzod has suffered severe emotional harm as a result.[1]

First, there is no question that Iran's material support of proxy militias was an intentional act. *See* ECF No. 24 (finding that "EFP attacks are also 'deliberated,' or 'undertaken with careful consideration, not on a sudden impulse'). Second, as an act of terror, Iran's conduct in sponsoring the June 23, 2011 EFP Attack meets and easily surpasses the definition of an extreme and outrageous act. Acts of terrorism, "by their very definition," amount to extreme and outrageous conduct. *See Valore v. Islamic Republic of Iran*, 700 F. Supp. 2d 52, 77 (D.D.C. 2010); *Mwila v. Islamic Republic of Iran,* 33 F. Supp. 3d 36, 40 (D.D.C. 2014). Finally, a causal connection has likewise been established by this Court with respect to Iranian support for the EFP Attack, *see* ECF No. 24 at 19 (" . . . The Court finds Iran responsible for the June 23, 2011 EFP attack by supporting proxy forces who conducted the attack"), as well as its resulting effect on other family members of Mr. Mughal, *see* ECF No. 24 at 36 (granting the Mughal family IIED claims and referring them to a special master for damages).

---

[1] Thus far, Plaintiffs have submitted proof of the immediate family relationships for all the family member plaintiffs, *see, e g.*, ECF 17-7 at ¶ 3, with the intent of offering more detailed and individualized damages affidavits on behalf of each family member as proof of damages before the special master should the Court grant Plaintiffs' motion as to liability.

## IV.    CONCLUSION

WHEREFORE, Plaintiff's respectfully reincorporate their prior request in their Plaintiffs'

Motion to Correct, ECF No. 39-1 at 3, and request the Court issue an Order GRANTING their

Renewed Motion for Default Judgment, ECF No. 35, against Iran as to liability, and request that

Ms. Khasanzod's claims, along with those of the other foreign family members, be referred to

the appointed special master in this case for the hearing of damages evidence.


Dated: June 19, 2023                     Respectfully submitted,


                                         _____/s/ Kevin A. Hoffman_____
                                         Kevin A. Hoffman (DC Bar No. 1044559)
                                         Randy D. Singer (DCD Bar No. VA0157)
                                         Maryam M. Atty (DCD Bar No. VA137)
                                         SINGER DAVIS, LLC
                                         1209A Laskin Road
                                         Virginia Beach, VA 23451
                                         Phone: (757) 301-9995
                                         Fax: (757) 233-1084
                                         Email: kevin.hoffman@singerdavis.law
                                         Email: randy.singer@singerdavis.law
                                         Email: maryam.atty@singerdavis.law
                                         *Counsel for Plaintiffs*