**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **ALLAN ROBERTS et al.,** | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| v. | ) Case No. 1:20cv1227 (RCL) |
| | ) |
| **ISLAMIC REPUBLIC OF IRAN** | ) |
| | ) |
| **Defendant.** | ) |

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR ENTRY OF**
**FINAL JUDGMENT AS TO THE ENGLISH FAMILY MEMBER PLAINTIFFS**

COME NOW Plaintiffs, by counsel, and without waiving any position or prior argument in this case, respectfully request that this Court enter an Order pursuant to Rule 54(b) directing the entry of final judgment as to plaintiffs C.D.R., Bethan Johnson, O.J.C., L.A.C., Sarah Crowley, Michael Crowley, Patricia Crowley, Kristin Jameson, Edith Nichol, and Thomas Jameson (collectively, the "English Family Member Plaintiffs"), certifying that there is no just reason for delay, and specifying the grounds therefore. Plaintiffs also seek referral to the appointed Special Master on behalf of the remaining individual plaintiffs.

**I.    PROCEDURAL BACKGROUND**

This case filed against the Islamic Republic of Iran ("Iran") on May 11, 2020. ECF No. 1. Plaintiffs completed diplomatic service of the Complaint on November 4, 2020. ECF No. 13. Iran has failed to make an appearance or file a responsive pleading. ECF No. 15.

Plaintiffs filed their first joint Motion for Default Judgment on April 2, 2021. ECF No. 16. The Court granted that Motion as to the attack victim plaintiffs and the American family member plaintiffs on January 24, 2022. ECF No. 25. Mr. Alan Balaran was then appointed to serve as Special Master for those granted claims. ECF No. 27. Plaintiffs refiled on behalf of the

non-American family member plaintiffs on November 22, 2022, providing legal opinions from a variety of experts on the law of foreign jurisdictions. ECF No. 35. On July 5, 2023, the Court granted most of the non-American family member claims, but denied those it determined should be appropriately analyzed under English law. *See* ECF No. 48.

II.  **LEGAL STANDARD**

Any order or decision "that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and the parties' rights and liabilities." Fed. R. Civ. P. 54(b). However, when multiple claims or parties are involved, the trial court "may direct the entry of a final judgment as to one or more, but fewer than all, claims" upon determination that "there is no just reason for delay" and thereby create an appealable order. Fed. R. Civ. P. 54(b); *see also Curtiss–Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8–10 (1980). In evaluating a Rule 54(b) motion, "the District Court must make both an express determination that there is no just reason for delay and an express direction for the entry of judgment" so that the "party adversely affected by a final decision thus knows that his time for appeal will not run against him until this certification has been made." *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 435–36 (1956).

In determining whether a judgment is "final" the Court must find that the order at issue "is a decision upon a cognizable claim for relief" and that "it is an ultimate disposition of an individual claim entered in the course of a multiple claims action." *Curtiss–Wright Corp.*, 446 U.S. at 7–8. After determining finality, the court must also determine whether there is any just reason for delay. *See* Fed. R. Civ. P. 54(b). In making such a determination, the court "weighs both 'justice to the litigants' and 'the interest of sound judicial administration.'" *Brooks v. Dist.*

*Hosp. Partners, L.P.*, 606 F.3d 800, 806 (D.C. Cir. 2010) (quoting *Curtiss–Wright Corp.*, 446 U.S. at 8).

When ruling on a request pursuant to Federal Rule of Civil Procedure 54(b), it is critical for the trial court to state its findings in support of its decision. In fact, "numerous courts have held that where the district court's Rule 54(b) certification is devoid of findings or reasoning in support thereof, the deference normally accorded such a certification is nullified." *Braswell Shipyards, Inc. v. Beazer E., Inc.*, 2 F.3d 1331, 1336 (4th Cir. 1993).

### III.   ARGUMENT

For all practical purposes, the Court's July 5, 2023 Order denying the claims of the English Family Member Plaintiffs for a second time was an ultimate disposition of those claims, and there is no just reason for delaying an appeal as to those claims. Similarly, those claims that were granted should not be delayed in reaching resolution and should be referred to the Special Master immediately.

#### 1.   The Dismissal Order was an Ultimate Disposition

The July 5, 2023 Order denied all claims alleged by the English Family Member Plaintiffs in this matter. *See* ECF No. 48. Although the denial was issued without prejudice, Plaintiffs have conferred with their expert on English law and, although disagreeing with the Court's ultimate conclusion, have nothing further to add to his report. Therefore, unless the Court reconsiders either its decision to apply English law, or its ruling as to the outcome under English law, the Court's July 5, 2023 Order was the "ultimate disposition of an individual claim entered in the course of a multiple claims action." *Curtiss–Wright Corp.*, 446 U.S. at 7–8. Accordingly, the first element of this analysis is satisfied.

### 2. No Just Reason Exists for Delaying an Appeal

The English Family Member Plaintiffs seek the ability to appeal the Court's determination of their claims without the delay of waiting for final judgment on the entirety of Plaintiffs' claims in this matter. No other party to this case objects to this request. In determining whether there is a just reason for delay, this Court should consider the English Family Member Plaintiffs' request through the prism of the following two factors.

**Justice to the Parties.** This factor "will inevitably differ from case to case." *Brooks*, 606 F.3d at 806. Here, the English Family Member Plaintiffs interest in a timely resolution of their claims should be the driving factor. The remaining plaintiffs obtaining a final judgment against Iran, because of its status as a foreign sovereign, can cause substantial delays. At a minimum, the Special Master will need to issue a recommendation as to damages and this Court will need to issue an opinion and order on those issues. The Court's ruling as to the English Family Member Plaintiffs is based on its interpretation of English law, an issue that is wholly irrelevant to any other plaintiff in this litigation. Moreover, Iran has failed to respond, so its interests as to this issue are neutral to irrelevant.

Accordingly, this Court can best serve the interests of justice for the parties by entering the Order requested by Plaintiffs pursuant to Rule 54(b).

**The Interest of Sound Judicial Administration.** This analysis must include consideration of "whether the claims under review [are] separable from the others remaining to be adjudicated and whether the nature of the claims already determined [is] such that no appellate court [will] have to decide the same issues more than once even if there [are] subsequent appeals." *Curtiss–Wright Corp.*, 446 U.S. at 8.

Based on how the Court has ruled thus far, the claims of the English Family Member Plaintiffs are entirely severable from those brought by the remaining plaintiffs not decided under English law. Although a core of common factual allegations ties many of these claims together, the disputed legal theories are wholly independent from one another. These divergent paths through litigation before the trial court make a redundant appeal highly unlikely.

Also, Iran has defaulted in this matter, substantially reducing the possibility of piecemeal appeals and minimizing the risk of inconsistent results. The only anticipated appeal arising out of the English Family Member Plaintiffs' claims would be relating to the Court's choice of law analysis and its application of English law. Such an appeal would have no bearing on the issues remaining to be determined as to the other plaintiffs in this case.

Based on the current procedural posture of this case, there are no concerns regarding the undercutting of judicial economy by multiple piecemeal appeals.

## VI. CONCLUSION

The interests of justice and judicial economy support Plaintiffs' request for this Court to enter an order pursuant to Rule 54(b) directing the entry of final judgment as to the English Family Member Plaintiffs, certifying that there is no just reason for delay, and specifying the reasons in support of that conclusion.

Moreover, because the Court has granted liability as to the remaining plaintiffs, those claims should be referred to the appointed Special Master, Mr. Alan Balaran, in the same manner as previously granted claims in this same case. Collectively, these two proposed actions will expedite the resolution of this matter for all parties and for the Court.

Dated: July 27, 2023                              Respectfully Submitted,

                                              __/s/ Kevin A. Hoffman_____
Randy D. Singer (DCD Bar No. VA057)
Kevin A. Hoffman (DC Bar No. 1044559)
Maryam M. Atty (DCD Bar No. VA137)
SINGER DAVIS, LLC
1209A Laskin Road
Virginia Beach, VA 23451
Phone: (757) 301-9995
Fax: (757) 233-1084
Email: randy.singer@singerdavis.law
Email: kevin.hoffman@singerdavis.law
Email: maryam.atty@singerdavis.law
*Counsel for Plaintiffs*