IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ALLAN ROBERTS et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. 1:20cv1227 (RCL) |
| | ) |
| ISLAMIC REPUBLIC OF IRAN | ) |
| | ) |
| Defendant. | ) |

[PROPOSED] ORDER

    Before the Court is Plaintiffs' Motion for Entry of an Order pursuant to Rule 54(b) directing the entry of final judgment as to the subset of individual plaintiffs identified by the Court as the English Family Member Plaintiffs, certifying that there is no just reason for delay and specifying the basis therefore ("Motion"). Plaintiffs also request referral of the granted claims to the already appointed Special Master, Mr. Alan Balaran. Upon consideration of the Motion and the memorandum presented in support thereof, the Court hereby ORDERS that the Motion is GRANTED;

    The Court DIRECTS the entry of final judgment as to plaintiffs C.D.R., Bethan Johnson, O.J.C., L.A.C., Sarah Crowley, Michael Crowley, Patricia Crowley, Kristin Jameson, Edith Nichol, and Thomas Jameson (the "English Family Member Plaintiffs") and FINDS that there is no just reason for delaying the English Family Member Plaintiffs' ability to appeal this Order.

    The Court hereby FINDS that the July 5, 2023 Order was an ultimate disposition of all cognizable claims for relief brought on behalf of the English Family Member Plaintiffs.

    Moreover, the Court FINDS that, based on considerations of sound judicial administration and equity of the parties, there is not just reason to delay any anticipated appeal. The denied claims of the English Family Member Plaintiffs are entirely separable from the

remaining claims belonging to other individual plaintiffs whose claims were not decided by this Court under English law. Therefore, the United States Court of Appeals for the D.C. Circuit will have no need to decide or address the same appellate issues multiple times.

The Islamic Republic of Iran ("Iran") has defaulted in this matter and liability has been granted as to all other remaining claims, further reducing the likelihood of multiple overlapping appellate concerns. Moreover, prompt resolution of any anticipated appeal is in the best interest of English Family Member Plaintiffs and will not prejudice Iran or the remaining individual plaintiffs in any way. On the contrary, if the English Family Member Plaintiffs are required to wait until all of Plaintiffs' claims against Iran reach final resolution, their opportunity to appeal may be delayed for a substantial period of time.

The Court thereby DIRECTS the entry of final judgment as to the English Family Member Plaintiffs and FINDS that there is no just reason to delay an appeal of such claims.

Moreover, for the remaining individuals whose liability claims were recently granted—Sitorai Khasanzod, Natasha Grove, M.R., Simone Riekert, Wilhelmina Oosthuizen, Chante Oosthuizen, Shibone De Bruyn, Shaun Oosthuizen, Magdalena Oosthuizen, Maggie Kieser, Emogene Boje, Sone Smith, Gavin Smith, Johannes Kieser, Hester Hart, Amoldus Kieser, Loraine Steenberg, Rene Botha, Jene Steenberg Marais, Desere Steenberg, Stephan Brink, in his capacity as executor of the Estate of Estelle Brink, Brendon Botha, Leanelle Botha, Janet Capazorio, Brandon Capazorio, Shannon Figg, George Capazorio, Maud Capazorio, Bettina Capazorio, Carin Capazorio, Sarel Du Plessis, Elzet Strauch, in her capacity as the Administrator of the Estate of Susan de Clercq, Rozelle Adams, and Morne Bruwer—the Court REFERS their claims to the previously appointed Special Master, Mr. Alan Balaran, to take evidence and file a report and recommendation regarding compensatory damages. While

performing this duty, the Special Master shall possess all such powers, duties, and responsibilities laid out in the Court's April 22, 2022 appointment Order. *See* ECF No. 27.

IT IS SO ORDERED.

ENTERED this 31st day of July, 2023.

Honorable Royce C. Lamberth
United States District Judge